*14*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN 1 2 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| In re: Maria E. Hernandez and Jorge Rodriguez Hernandez | § § § § | CIVIL ACTION NO. B-01-036 |

### REMAND ORDER

BE IT REMEMBERED, that on June 12, 2001, the Court **REMANDED** this case to the 138th Judicial District Court of Cameron County, Texas. The removing Defendant, Hidalgo County, did not obtain consent to removal from a second Defendant, the City of San Benito, prior to removal or within thirty days thereafter as required by 28 U.S.C. § 1446(b). The Plaintiff has filed proof that the City of San Benito was served prior to the date Hidalgo County filed its notice of removal with this Court. The Clerk is **ORDERED** to send a certified copy of this order to the clerk of the state court.

When considering a motion to remand the removing party bears the burden of showing that removal was proper. See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir.1995); Dancy v. Fina Oil & Chem. Co., 921 F.Supp. 1532, 1534 (E.D. Tex.1996). The burden of showing that removal was proper "extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." J.R. Laughead, Inc. v. Air Dayco Corp., 942 F.Supp. 339, 340 (S.D. Tex.1996) (citing Delgado v. Shell Oil Co., 890 F.Supp. 1324, 1341 (S.D. Tex.1995)). "If there is any doubt that a right to removal exists, 'ambiguities are to be construed against removal.'" J.R. Laughead, Inc., 942 F.Supp. at 340 (citing Delgado, 890 F.Supp. at 1341).

"Section 1446(a) requires that all properly joined and served defendants join in the removal notice. Getty Oil v. Ins. Co. of North Am., 841 F.2d 1254, 1262 (5th Cir.1988). Moreover, § 1446(b) mandates that all served defendants join in the removal notice within thirty days after the first defendant was served. Id. at 1263. Failure on the part of a served

1

defendant to join in the removal notice during this thirty-day period renders the removal improvident. Id. at 1263 n. 12." Seguros Comercial America, S.A. de C.V. v. American President Lines, Ltd., 934 F.Supp. 243, 244-45 (S.D. Tex. 1996). Since the Plaintiff has made a timely challenge to the improper removal procedure used by Hidalgo County, this case must be remanded.

DONE at Brownsville, Texas, this 12th day of June 2001.

*Hilda Tagle*
Hilda G. Tagle
United States District Judge

2